UNITED STATES DISTRICT COURT

Northern District of California

DANNY M. SINGSON

                Plaintiff,

    v.

MARC FARBER, CITY OF MILLBRAE

                Defendants.
                                     /

No. C 09-05023 SI

**ORDER RE: DEFENDANTS' MOTION TO DISMISS**

Defendants' motion to dismiss the complaint is set for a hearing on March 12, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS in part, with leave to amend, and DENIES in part the motion to dismiss for failure to state a claim upon which relief can be granted.

**BACKGROUND**

On October 21, 2009, plaintiff Danny Singson filed a complaint against defendants Marc Farber and the City of Millbrae. The complaint contains two causes of action: (1) racial discrimination under 42 U.S.C. § 1981, and (2) deprivation of protected rights, including equal protection and due process, under 42 U.S.C. § 1983.

Plaintiff has been employed by the City of Millbrae Police Department since September 1998, and was promoted to Sergeant in September 2006. Defendant Marc Farber was employed as a Commander by the City of Millbrae Police Department, and was plaintiff's direct supervisor during the time at issue. Plaintiff is of Chinese and Filipino ancestry, while defendant Farber is Caucasian.

The following factual allegations are drawn from the complaint. Plaintiff's allegations consist

of a series of events beginning in late 2007 which purportedly demonstrate that defendant Farber singled out plaintiff for "criticism, verbal harassment and discipline." Compl. ¶ 14. In November 2008, defendant Farber contacted then-Chief of Police Thomas Hitchcock to report that plaintiff and his patrol team were driving too fast while pursuing a suspect. As a result of this report, plaintiff was placed on paid administrative leave and asked to turn in his gun, badge and police identification. An Internal Affairs investigation was also initiated against plaintiff. Plaintiff was unaware of the reason for the disciplinary action, and scheduled a meeting with Chief Hitchcock to discuss the misconduct. At this meeting, plaintiff was shown footage from the in-car camera. Chief Hitchcock eventually cancelled the Internal Affairs investigation and ordered plaintiff to return to work. Despite the cancellation of the investigation, defendant Farber noted the speeding incident as a performance issue in a subsequent written evaluation of plaintiff.

On February 15, 2009, plaintiff was on duty from 6:00 a.m. to 6:00 p.m., and met with two other officers for breakfast at 7:30 a.m. Plaintiff had previously been instructed to avoid having multiple police cars parked in one location to avoid negative public perception, and thus had one of the other officers park one block away. Defendant Farber arrived at the restaurant at 7:30 a.m., dressed in civilian clothes and apparently off-duty. Defendant Farber accused plaintiff of violating the "multiple cars in one location" order. Outside of the restaurant, plaintiff claims that defendant Farber said "you don't listen to a fucking word I say." Compl. ¶ 18. This exchange was viewed by a private citizen, who later called the police department to ask why a private citizen had treated a police officer in a disrespectful manner.

Plaintiff met with Millbrae Police Chief Lee Violett in February or March of 2009. Plaintiff reported that defendant was creating a hostile work environment for himself and others, and also discussed the possibility of a vote of no confidence against defendant Farber. Chief Violett said that she would discuss the situation with defendant Farber. Within the next few days, plaintiff was confronted by defendant Farber about the meeting with Chief Violett. Plaintiff reiterated to Farber that he was embarrassed by the swearing incident at the restaurant.

In April 2009, plaintiff participated in a Field Training Officer meeting without defendant Farber, and informed Farber about the details of the meeting via e-mail. "Commander Farber waited until September 2009 to formally complain in writing to Chief Violett about this minor and insignificant incident." Compl. ¶ 20.

In May 2009, plaintiff passed a series of tests that made him eligible to become a member of the San Mateo County Special Weapons and Tactics (SWAT) Team. The SWAT team had two openings for Millbrae officers, but plaintiff was not selected. Plaintiff alleges that he was the most qualified candidate, and that defendant Farber caused him to be excluded from the SWAT Team.

In May or June of 2009, defendant Farber extended the field training of Officer George Le, who is of Chinese ancestry and a subordinate of plaintiff, to address officer safety issues. Neither Officer Le's Field Training Officer nor plaintiff believed extending the training program was necessary. Defendant Farber criticized plaintiff for not supporting his decision regarding Officer Le.

In July 2009, defendant Farber "falsely accused" plaintiff of improperly submitting a tardy performance evaluation for an officer under plaintiff's supervision. "Commander Farber formally criticized [plaintiff] for the form and content of his evaluation . . . [b]ut [plaintiff] used the evaluation form and content that were used by other officers who were not criticized for the same conduct." Compl. ¶ 23.

In August 2009, plaintiff was late for a staff meeting. Although plaintiff apologized for being late, defendant Farber used the incident as partial justification for recommending a one-week unpaid suspension for plaintiff.

On September 30, 2009, plaintiff received a packet of documents that included a seven-page memorandum written by defendant Farber. The memorandum recommended further discipline of plaintiff. Plaintiff alleges that the justification for further discipline included incidents more than one year old "in violation of the Peace Officer Bill of Rights," as well as "false allegations by Commander Farber which were not independently investigated." Compl. ¶ 25. The allegations of misconduct were placed in plaintiff's personnel file.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants move to dismiss both of plaintiff's claims for failure to state a claim. Plaintiff opposes the motion and also requests leave to amend to supplement the complaint and add a new claim for retaliation. Because the Court concludes that the § 1983 claim is deficient, the Court will grant plaintiff leave to amend. Defendant has not had an opportunity to evaluate the proposed retaliation claim, and the Court makes no findings at this time regarding those allegations.

**1.     42 U.S.C. § 1981 - Hostile Work Environment**

Plaintiff's first cause of action alleges a claim for hostile work environment under 42 U.S.C. § 1981. An employment discrimination claim under § 1981 is governed by the same legal principles as an analogous Title VII claim. *See Fonseca v. Sysco Food Serv. of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). "To prevail on a hostile workplace claim . . . a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. City of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). To determine whether conduct was sufficiently severe or pervasive to warrant liability, courts look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71, 121 S. Ct. 1508 (2001)). In addition, "[t]he working environment must both subjectively and objectively be perceived as abusive." *Id.*

The Court concludes that the hostile work environment allegations are sufficient to survive a motion to dismiss. The complaint describes multiple instances within a two-year span in which plaintiff was subjected to unfair and unwarranted discipline. Plaintiff also alleges that defendant Farber humiliated him in front of other officers and the general public, and that other Asian-American officers were disciplined without cause. As a pleading matter, plaintiff has adequately alleged conduct "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez*, 349 F.3d at 642. Whether the conduct alleged by plaintiff constitutes being "subjected to verbal or physical conduct of a racial . . . nature" is a closer question. *Id.* The Court finds, however, that plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff may wish to supplement his hostile work environment allegations in the amended complaint.

## 2.     42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir.1997) (quoting *Lovell v. Poway Unified School District*, 90 F.3d 367, 370 (9th Cir. 1996)).

In addition, to the extent plaintiff seeks to allege a § 1983 claim against the City of Millbrae, plaintiff may only do so under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). "The Supreme Court has held that municipalities may be held liable as 'persons' under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Monell*, 436 U.S. at 694). "A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity;' (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Id.* (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002)).

Defendants contend that plaintiff has failed to adequately allege the violation of any protected right. The complaint alleges violation of plaintiff's rights to due process and equal protection. Compl. ¶ 39. As stated above the Court finds that plaintiff has sufficiently alleged a hostile work environment,[1] and therefore plaintiff has adequately alleged a § 1983 cause of action against defendant Farber.

---

[1] Plaintiff's opposition only addresses the equal protection violation as a basis for the § 1983 claim, and thus it appears that plaintiff is not pursuing a due process theory. If plaintiff wishes to predicate the § 1983 claim on a due process violation, the amended complaint must address this issue.

6

Plaintiff's § 1983 claim against the City of Millbrae is based on the "ratification" of defendant Farber's conduct by Chief Violett. However, the only mention of Chief Violett in the complaint is the meeting in February/March 2009 in which plaintiff complained about Farber's conduct. Nothing in plaintiff's description of that meeting indicates that Chief Violett ratified the decisions of Farber. The fact that plaintiff was later confronted by Farber about the meeting suggests that Farber was angry that plaintiff had reported the unfair conduct to Chief Violett, but does not suggest that Farber's conduct was ratified. Plaintiff must allege that "a policymaker approve[d] a subordinate's decision *and the basis for it* before the policymaker will be deemed to have ratified the subordinate's discretionary decision." *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (emphasis in original) (citations omitted). The Court finds that plaintiff's allegations fall short. Defendants' motion to dismiss the § 1983 claim against the City of Millbrae is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part defendants' motion to dismiss. (Docket No. 15). Plaintiff is granted leave to amend. Should plaintiff choose to file an amended complaint, he must do so no later than **March 22, 2010**.

**IT IS SO ORDERED.**

Dated: March 10, 2010

SUSAN ILLSTON
United States District Judge