IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. SINGSON,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF MILLBRAE, *et al.*,<br><br>      Defendants.<br>_____ / | No. C 11-1863 SI<br>Related Case No. C 09-5023 SI<br><br>**ORDER DENYING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

On March 9, 2012, the Court held a hearing on defendants' motion for summary judgment. For the reasons discussed at the hearing, the Court finds that there are triable issues of fact on plaintiff's retaliation claims sufficient to defeat summary judgment.

With regard to plaintiff's First Amendment retaliation claim, the Court finds that the first amended complaint in *Singson v. Farber et al.*, C 09-5023 SI constitutes speech and/or petitioning activity on a matter of public concern because the FAC alleged that the City and Raffaelli were retaliating against him for filing a race discrimination lawsuit. *See Thomas v. City of Beaverton*, 379 F.3d 802, 809 (9th Cir. 2004) ("Unlawful conduct by a government employee or illegal activity within a government agency is a matter of public concern."). To the extent the October 2010 and December 2010 internal complaints alleged that Raffaelli was retaliating against plaintiff because of the 2009 lawsuit, those complaints also constitute speech and/or petitioning activity on a matter of public concern. The Court further finds that there are disputes of fact regarding whether plaintiff's conduct was a substantial or motivating factor in the adverse employment actions, and whether defendants would

have taken the same actions but-for plaintiff's complaints.[1] Finally, the Court finds that the alleged acts of retaliation, when taken together, are reasonably likely to deter plaintiff from engaging in activity protected under the First Amendment. *See Coszalter v. City of Salem*, 320 F.3d 968, 976-77 (9th Cir. 2003).

The Court has received a copy of plaintiff's DFEH complaints. The FEHA protects employees against retaliation for opposing conduct made unlawful by the act. *See* Cal. Gov't Code § 12940(h). Plaintiff's April 12, 2011 and December 20, 2011 DFEH complaints allege, *inter alia*, that plaintiff became the target of retaliation after filing a race discrimination lawsuit. The Court finds that because plaintiff opposed conduct – race discrimination – made unlawful by FEHA, plaintiff can maintain a claim for retaliation under FEHA. For the same reasons set forth above, the Court finds that there are triable issues of fact as to whether defendants retaliated against plaintiff based on his protected activity.

Accordingly, the Court DENIES defendants' motion for summary judgment. Docket No. 24.

**IT IS SO ORDERED.**

Dated: March 9, 2012

SUSAN ILLSTON
United States District Judge

---

[1] The Court notes that defendants have objected to certain evidence submitted by plaintiff. The Court finds that there is sufficient admissible evidence to create genuine disputes of fact, and that defendants may renew their objections to specific evidence at the time of trial.