2IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. SINGSON, | Nos. C 09-5023 SI and C 11-1863 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| CITY OF MILLBRAE, MARK RAFFAELLI, NEIL TELFORD, and MARCIA RAINES, | |
| Defendants. | |

On April 3, 2012, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 16, 2012. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to 4 peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted joint proposed jury instructions. Instructions will be finalized prior to the close of trial.

4. **Trial exhibits**: No later than April 13, 2012, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: Based on the parties' trial estimates, and the discussion at the pretrial conference, the trial will take place during the weeks of April 16, April 23 and April 30, 2012. Each side shall have 45 minutes for opening statements; each side shall have 23 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed three motions in limine, as follows:

**Plaintiff's motion No. 1: to exclude positive character evidence of the defendants**: Only relevant evidence will be admitted. Except to this extent, the motion is DENIED without prejudice to specific objections to specific questions at time of trial.

**Plaintiff's motion No. 2: to exclude evidence re prior summary judgment order:** The jury will be informed that plaintiff asserted claims of racial discrimination against defendants. The jury must also be informed that those claims are not before them at this time. Plaintiff seeks to preclude any reference to the fact that the racial discrimination claims were dismissed on summary judgment. Defendants seek to use this Court's summary judgment decision in favor of defendants on the racial discrimination claims as evidence that defendants are not likely liable for retaliation either. Neither side is correct. Defendants may not argue that dismissal of the racial discrimination claims makes the retaliation claims more or less likely; to that extent plaintiff's motion is GRANTED. However, the jury must be informed that the racial discrimination claims have been dismissed prior to trial. The parties may formulate a stipulated instruction to the jury on this issue, or the Court will provide one, to the

1 effect that the racial discrimination claims have been dismissed prior to trial for reasons that need not
2 concern them.

3 **Defendants' motion No. 1: to preclude allow testimony concerning the Danilo**
4 **Molieri lawsuit:** Defendants seek to preclude any reference to the lawsuit prosecuted by Danilo Molieri
5 against the City of South San Francisco Police Department and its then-Chief of Police Mark Raffaelli.
6 Defendants object on grounds of relevance and unfair prejudice. Plaintiff responds that his
7 understanding of the issues in the Molieri lawsuit, as they affected his perception of Mark Raffaelli's
8 treatment of him, are relevant to his state of mind, his subsequent conduct, including conversations with
9 Chief Telford and others about the lawsuit, and his emotional distress; and further that his testimony
10 would not be offered for the truth of the allegations made in the Molieri lawsuit. To this limited extent,
11 plaintiff will be allowed to testify and defendants' motion is DENIED. However, plaintiff will not be
12 allowed to present other evidence on the merits of the Molieri lawsuit, the verdict or the ultimate
13 outcome on appeal. Further, prior to questioning about the subject, plaintiff shall provide an offer of
14 proof and obtain permission to make the inquiries outlined; and, should plaintiff seek to refer to the
15 Molinari lawsuit in opening statement, the language of the reference must be shared with defense
16 counsel in advance of opening statements.

17 **Defendants' motion No. 2: to preclude testimony by Danilo Molieri or John**
18 **Hutchings:** Defendants seek to preclude these witnesses from testifying about the claims in the Molieri
19 lawsuit. The motion is GRANTED, without prejudice to an offer of proof by plaintiff should such
20 testimony become appropriate for impeachment or rebuttal.

21 **Defendants' motion No. 3: to preclude testimony by plaintiff's expert Roger Clark:**
22 Defendants seek to preclude testimony by Roger Clark on the basis that he is not qualified to testify; that
23 he relied on improper information and did not do scientific tests; and that his proffered opinions are
24 improper in form. The Court does not find, on the current record, that Clark is unqualified to testify or
25 that he relied on improper material; both of these issues may be adequately explored through cross-
26 examination. However, a review of his (Ex. B to the motion) reveals that many of his opinions are
27 improper and argumentative. Defendants' present motion will be DENIED, provided that by April 9,
28 2012, plaintiff present files an amended list of proposed opinions by Mr. Clark, eliminating improper

3

argumentation and (according to agreement at the pretrial conference) reference to events prior to November 2009.

**Defendants' motion No. 4: to exclude plaintiff's testimony concerning damages:** Defendants seek to preclude any evidence aside from plaintiff's own testimony concerning his damages; and further seeks to preclude plaintiff himself from testifying about prospective economic damages. Plaintiff responds that he only intends to offer his own testimony on damage issues. Accordingly, the motion as framed is DENIED, but plaintiff will be allowed to testify concerning prospective economic losses only after laying a proper foundation concerning his knowledge of the matters testified to. Plaintiff's treating physicians may testify to diagnosis and prognosis.

**Defendants' motion No. 5: to preclude any testimony disparaging Mark Raffaelli:** Only relevant evidence will be admitted. Except to this extent, the motion is DENIED without prejudice to specific objections to specific questions at time of trial.

**Defendants's motion No. 6: to preclude any testimony that other employees were granted reasonable accommodations:** Defendants object to testimony concerning reasonable accommodations granted to other employees, to the extent that the testifying witness – presumably plaintiff – does not have foundational information to provide such testimony. To this extent the motion is GRANTED; plaintiff must make an offer of proof prior to any testimony concerning reasonable accommodations to others on the force.

**Defendants' motion No. 7: to preclude any testimony concerning Officer Dave Chetcuti:** DENIED; plaintiff asserts that his understanding of the circumstances of Dave Chetcuti's death in the line of duty is relevant to his state of mind and conduct.

**Defendants' motion No. 8: to preclude any testimony that a "51-50" involuntary hold in a prerequisite to a psychological fitness-for-duty examination:** GRANTED, without prejudice to an offer of proof by plaintiff concerning laying a factual foundation.

**IT IS SO ORDERED.**

Dated: April 3, 2012

_____
SUSAN ILLSTON
United States District Judge

4