IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. SINGSON,<br><br>    Plaintiff,<br>  v.<br><br>CITY OF MILLBRAE, MARK RAFFAELLI, NEIL TELFORD AND MARCIA RAINES,<br><br>    Defendants.<br>_____/ | No. C 09-5023 SI and C 11-1863 SI<br><br>**JURY INSTRUCTIONS** |

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff, Danny Singson, alleges that he filed internal complaints, a complaint with the Department of Fair Employment and Housing (DFEH) and lawsuit against the City of Millbrae and one of its Police Commanders, Marc Farber, alleging racial discrimination and retaliation in employment, and that the Defendants in this case -- the City of Millbrae, Mark Raffaelli, Neil Telford and Marcia Raines – retaliated against him for filing these complaints. The racial discrimination claims have been dismissed, but the retaliation claims are now before you for determination. The Plaintiff has the burden of proving these claims. The Defendants deny all of the Plaintiff's claims.

The Defendants also contend that they would have acted in the same way towards the Plaintiff even if he had never filed this lawsuit. The Defendants have the burden of proving that claim. Plaintiff denies that claim.

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, what they will say in their closing arguments, and what they say at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You

are to decide the case solely on the evidence received at the trial.

### EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. For example, we heard hearsay testimony in this trial regarding an incident involving a South San Francisco officer named Dan Molieri. This evidence was admitted only to explain the plaintiff's state of mind and his subsequent actions. Likewise, I have permitted Mr. Violett to testify regarding information that he received from Commander Farber for the purpose of explaining Mr. Violett's subsequent actions.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

4

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**EXPERTS**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## SECTION 1983 CLAIM

The plaintiff brings his first claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United states shall be liable to the injured party. I will now instruct you on the law which applies to that claim.

## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS

In order to prevail on his § 1983 claim against defendants Mark Raffaelli, Neil Telford and Marcia Raines, as to each such defendant the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the Plaintiff of his particular rights under the First Amendment of the United States Constitution, as explained in later instructions ("First Amendment – Public Employees – Speech" and "First Amendment Retaliation – Defense" on pages 7-9).

A person acts "under color of law" when that person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants acted under color of law.

## SECTION 1983 CLAIM AGAINST CITY OF MILLBRAE BASED ON RATIFICATION—ELEMENTS

In order to prevail on his § 1983 claim against the City of Millbrae alleging liability based on ratification by a final policymaker, the plaintiff Danny Singson must prove each of the following elements by a preponderance of the evidence:

1. Defendant Mark Raffaelli acted under color of law;

2. The act[s] of defendant Raffaelli deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions ("First Amendment – Public Employees – Speech" and "First Amendment Retaliation – Defense" on pages 7-9);

6

3. Marcia Raines, Lee Violett and/or Neil Telford acted under color of law;

4. Marcia Raines, Lee Violett and/or Neil Telford had final policymaking authority from the City of Millbrae concerning the act[s] of Mark Raffaelli; and

5. Marcia Raines, Lee Violett and/or Neil Telford ratified Mark Raffaelli's act(s) and the basis for them, that is, one or more of the defendants knew of and specifically approved of Mark Raffaelli's act[s].

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law, so you need make no finding on the first element. Further, the Court will determine who had final policymaking authority from the City of Millbrae, so you need make no finding on the fourth element.

### FIRST AMENDMENT – PUBLIC EMPLOYEES – SPEECH

As previously explained, plaintiff has the burden to prove that the defendants retaliated against him for exercising his rights under the First Amendment to the Constitution. In this case, the "speech" involved was plaintiff Danny Singson's lawsuit filed against the City of Millbrae and Marc Farber, alleging racial discrimination and retaliation in employment, and the internal complaints that plaintiff filed alleging retaliation. The racial discrimination claims have been dismissed, but the plaintiff alleges that the following acts by Mark Raffaelli, Neil Telford, Marcia Raines and/or the City of Millbrae amounted to retaliation in violation of his rights under the First Amendment to the Constitution:

- Plaintiff's temporary pay reduction in January 2010;
- Mark Raffaelli's supervision and evaluation of plaintiff's performance, including the PIP;
- Marcia Raines's response to plaintiff's administrative complaint;
- Neil Telford's shift change decision
- The Department's response to plaintiff's request to return to Team 2 as a medical accommodation
- The Department's decision to direct plaintiff to participate in a fitness-for-duty

7

evaluation;

- The Department's response and subsequent investigation into plaintiff's claim that he felt unsafe while working on Team4; and
- The Department's use of a GPS tracker and human surveillance to confirm plaintiff's on-duty location

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove the defendants deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. The plaintiff spoke as a citizen and not as part of his official duties;
2. The speech was on a matter of public concern;
3. Mark Raffaelli, Neil Telford, Marcia Raines and/or the City of Millbrae took an adverse employment action against the plaintiff; and
4. The plaintiff's speech was a substantial or motivating factor for the adverse employment action(s).

I instruct you that in filing the lawsuit and the internal complaints, the plaintiff spoke as a citizen and not part of his official duties, and that the plaintiff's speech was on a matter of public concern. Therefore, the first and second elements require no proof.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means that it might have dissuaded a reasonable worker from engaging in protected activity.

A substantial or motivating factor is a significant factor.

**FIRST AMENDMENT RETALIATION – DEFENSE**

If you find that plaintiff has shown that defendants retaliated against him for the exercise of his First Amendment rights, defendants may avoid liability by proving by a preponderance of the evidence that they would have taken the same actions against plaintiff even if he had not made complaints about racial discrimination and retaliation.

It is not enough for defendants to show that they "could have" taken the same actions against

the plaintiff. To avoid liability defendants must show that they "would have" taken the same actions against the plaintiff in the absence of the exercise of his First Amendments rights.

## CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA") (CAL. GOV'T CODE § 12940(H))

Plaintiff's second claim is brought under the California Fair Employment and Housing Act (FEHA). I will now instruct you on the law which applies to the FEHA claim.

## RETALIATION UNDER FEHA

Plaintiff Danny Singson claims that the City of Millbrae retaliated against him for making complaints to the City, to the California Fair Employment and Housing Authority, and for filing a lawsuit alleging racial discrimination and related retaliation. Plaintiff claims that this retaliation violated FEHA. To establish this claim, plaintiff must prove all of the following:

1. That Danny Singson made complaints to the City, to the California Fair Employment and Housing Agency, or that he filed a lawsuit alleging racial discrimination or related retaliation;
2. That the City of Millbrae engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Danny Singson's employment;
3. That Danny Singson's complaints were a motivating reason for the City of Millbrae's conduct;
4. That Danny Singson was harmed; and
5. That the City of Millbrae's conduct was a substantial factor in causing Danny Singson harm.

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; and

The reasonable value of wages and employment opportunities lost to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**DAMAGES – PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions

will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. Punitive damages may not be awarded against the City of Millbrae.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. You must complete the entire verdict form after you have reached unanimous agreement on a verdict. Your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

13